IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STAR JOSEPH,

    Plaintiff,

vs.   No. 21-cv-0878 KG-SCY

CHIEF JUDGE WILLIAM P. JOHNSON, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Prisoner Civil Complaint (Doc. 1). Also before the Court is his Motion to Proceed *In Forma Pauperis* (Doc. 2). Plaintiff asserts claims against various federal judges and seeks mandamus relief. Having reviewed the matter under 28 U.S.C. § 1915(e), the Court will dismiss the Complaint with prejudice.

I. Background

Plaintiff is a federal detainee at the Cibola County Correctional Institution. (Doc. 1) at 3. In late July 2021, fellow detainee Donald "Tommy" Sharp began filing daily complaints on behalf of himself and other inmates. *See Sharp v. State of New Mexico,* 2021 WL 4150418, at *2 (D.N.M. Sept. 13, 2021) (listing each filing). It appears Sharp filed or drafted about 55 cases over a five-week period. *Id.* Plaintiff Star Joseph is involved in seven of the Cibola-detainee cases. *See* Civ. Nos. 21-836 WJ-KRS; 21-837 KWR-LF; 21-838 KWR-GJF; 21-895 RB-KK; 21-904 JCH-KBM; 21-878 KG-SCY; 21-903 MV-GJF.

The instant Complaint names the federal judges presiding three of those cases. *See* Civ. Nos. 21-836 WJ-KRS, 21-837 KWR-LF, and 21-838 KWR-GJF (the "Federal Cases"). The Defendants are: Chief U.S. District Judge Johnson; U.S. District Judge Riggs; and U.S.

Magistrate Judges Sweazea, Fouratt, and Fashing. (Doc. 1) at 1.[1] Plaintiff alleges "Defendants are operating as a racketeering influenced corrupt organization by covering up RICO activities." *Id.* Specifically, he contends Defendants construed his pleadings titled "Civil Complaint" under 42 U.S.C. § 1983, when in fact Plaintiff intended to bring "RICO ACT cases." *Id.* No orders or court filings in the Federal Cases reference 42 U.S.C. § 1983. *See* Docket Sheets in Federal Cases. In any event, Plaintiff believes Defendants are construing his filings under Section 1983, rather than the RICO statute, to protect the government-defendants. *Id.* Plaintiff notes "RICO ACT cases carry very severe penalties," whereas Section 1983 governs civil liability. *Id.*

The Complaint seeks mandamus relief based on Defendants' alleged "corruption." (Doc. 1) at 2. Plaintiff asks the Court to transfer the Federal Cases to the "Judge Advocate General at the Pentagon, via the joint chiefs of the United States." *Id.* Plaintiff also "seeks military tribunals under admiralty law for all [his] civil cases." *Id.* He believes "admiralty law is appropriate because Donald Trump declared a National Disaster." *Id.* Plaintiff filed a Motion to Proceed *In Forma Pauperis*, and the matter is ready for review.

II. In Forma Pauperis Motion

Plaintiff's financial information reflects he is unable to prepay the $402 filing fee for this civil action. The Court will therefore grant the Motion to Proceed *In Forma Pauperis*, which reduces the fee to $350, and allow Plaintiff to pay in installments. *See* 28 U.S.C. § 1915(b). He must make an initial partial payment of "20 percent of the greater of" his average monthly deposits or average monthly balance. *Id.* Plaintiff's financial statement reflects his average

---

[1] The Complaint also names "All Federal Judges of the United States." *Id.* However, such reference is insufficient to bring any individual into this action.

2

deposits exceed the balance. (Doc. 5) at 6. He receives an average of $72.50 per month. *Id.* The Court will assess an initial payment of $14.50 (which is 20% of the average deposits, $72.50) pursuant to § 1915(b)(1)(A). Plaintiff shall submit that amount within thirty (30) days of entry of this ruling. After payment of the initial partial fee, Plaintiff is "required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The filing fee remains due even after the case is dismissed.

III. Standard of Review

The Court has discretion to dismiss an *in forma pauperis* complaint at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) of the Federal Rules of Civil Procedure if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …

poor syntax and sentence construction, or ... unfamiliarity with pleading requirements." *Id.* However, the Court cannot act as advocate for *pro se* plaintiffs. *Id.*

IV. Discussion

Plaintiff's Complaint asserts claims against federal judges and seeks mandamus relief. Any claims against the judges fail as a matter of law. "Except where a judge has acted in the clear absence of all jurisdiction, the doctrine of judicial immunity shields that judge from liability" for all actions performed in the judicial capacity. *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002). "[I]mmunity applies even when the judge is accused of acting maliciously...." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). There is no indication that Judges Johnson, Riggs, Sweazea, Fouratt, and Fashing acted without jurisdiction in Plaintiff's pending federal cases. Hence, the Court will dismiss all civil claims against Defendants. Plaintiff is also barred from asserting claims under a criminal racketeering statute. "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986).

Plaintiff's request for mandamus relief is analyzed under 28 U.S.C. § 1361. Under that section, "district courts shall have original jurisdiction over any action in the nature of mandamus to compel an officer ... of the United States ... to perform a duty owed to the plaintiff." *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005) (quoting 28 U.S.C. § 1361). The plaintiff "must establish (1) that he has a clear right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy." *Id.* (citing *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990)). Plaintiff has the burden to show his "right to issuance of the writ is clear and indisputable." *Gulfstream Aerospace Corp. v.*

4

*Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citations omitted). "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States District Court*, 426 U.S. 394, 402 (1976) (citations omitted).

Plaintiff has not shown he is entitled to an order directing other judges to transfer the Federal Cases to the Pentagon and/or apply admiralty law. Such request is frivolous on its face. *See Denton v. Hernandez,* 504 U.S. 25, 32 (1992) (Section 1915 grants the unusual power to "pierce the veil of the complaint's ... allegations" and dismiss claims that are "clearly baseless"). And, as noted above, the alleged wrongdoing did not occur. Plaintiff contends other judges construed three Civil Complaints under Section 1983, but none of the filings reference that statute. *See* Docket Sheets in Civ. Nos. 21-836 WJ-KRS, 21-837 KWR-LF, and 21-838 KWR-GJF. Accordingly, the Court will deny Plaintiff's request for mandamus relief. The Court will also dismiss the Complaint with prejudice under 28 U.S.C. § 1915(e) as frivolous and for failure to state a cognizable claim.

V. Strike Under 28 U.S.C. § 1915(g).

By statute, this dismissal counts as a strike under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(g); *Hafed v. Bureau of Prisons,* 635 F.3d 1172, 1176-77 (10th Cir. 2011) (dismissal of an action as frivolous, malicious, or for failure to state a claim counts as a strike); *Schlicher v. Thomas*, 111 F.3d 777, 781 (10th Cir. 1997) (Section 1915(g) "applies to mandamus proceedings"). If Plaintiff accrues three strikes, he may not proceed *in forma pauperis* in Federal Court unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Said differently, if the Court dismisses three or more of Plaintiff's complaints on screening, he will have to prepay the full $402 civil filing fee in all future cases. There is no

5

time limit in Section 1915(g), and it applies in every U.S. jurisdiction. Plaintiff should think carefully before engaging Donald Tommy Sharp to draft complaints and/or whether he wants to prosecute his existing complaints drafted by Sharp.

IT IS ORDERED:

1. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is granted.

2. Plaintiff must submit an initial fee of $14.50 within 30 days of entry of this ruling.

3. Plaintiff's Civil Complaint (Doc. 1) is dismissed with prejudice.

4. The Court will enter a separate judgment closing the civil case.

_____
UNITED STATES DISTRICT JUDGE