IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STAR JOSEPH,

      Plaintiff,

vs.                                                                     No. 21-cv-0878 KG-SCY

CHIEF JUDGE WILLIAM P. JOHNSON, *et al*,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's post-judgment motions.   (Docs. 6-9).
Plaintiff is incarcerated and proceeding *pro se*.   He asks the Court to reconsider its ruling
dismissing his complaint against federal judges.   Having considered the record and applicable
law, the Court will deny Plaintiff's Motions.

*I.   Background*

Plaintiff was previously a federal detainee at the Cibola County Correctional Institution.
(Doc. 1) at 3.   In late July 2021, fellow detainee Donald "Tommy" Sharp began filing daily
complaints on behalf of himself and other inmates.   *See Sharp v. State of New Mexico,* 2021 WL
4150418, at *2 (D.N.M. Sept. 13, 2021) (listing each filing).   It appears Sharp filed or drafted
about 55 cases over a five-week period.   *Id.*   Plaintiff Star Joseph is involved in several of the
Cibola-detainee cases.   *See* Civ. Nos. 21-836 WJ-KRS; 21-837 KWR-LF; 21-838 KWR-GJF;
21-895 RB-KK; 21- 904 JCH-KBM; 21-878 KG-SCY; 21-903 MV-GJF.

The Complaint here names the federal judges presiding over three of those cases.   *See*
Civ. Nos. 21-836 WJ-KRS, 21-837 KWR-LF, and 21-838 KWR-GJF (the "Federal Cases").

The Defendants are: Chief U.S. District Judge Johnson; U.S. District Judge Riggs; and U.S. Magistrate Judges Sweazea, Fouratt, and Fashing.   (Doc. 1) at 1.[1]   Plaintiff alleges "Defendants are operating as a racketeering influenced corrupt organization by covering up RICO activities." *Id.*   Specifically, he contends Defendants construed his pleadings titled "Civil Complaint" under 42 U.S.C. § 1983, when in fact Plaintiff intended to bring "RICO ACT cases." *Id.*   The Complaint seeks mandamus relief based on Defendants' alleged "corruption."   (Doc. 1) at 2. Plaintiff asks the Court to transfer the Federal Cases to the "Judge Advocate General at the Pentagon, via the joint chiefs of the United States." *Id.*   Plaintiff also "seeks military tribunals under admiralty law for all [his] civil cases." *Id.*   He believes "admiralty law is appropriate because Donald Trump declared a National Disaster." *Id.*

Plaintiff filed a Motion To Proceed *In Forma Pauperis* shortly after submitting his Civil Complaint.   (Doc. 2) (IFP Motion).   The Court ordinarily collects an initial partial payment before addressing the merits of a prisoner action.   For efficiency, and to address the high volume of Cibola inmate cases, the Court addressed the filing fee in its merits ruling.   By a ruling entered September 27, 2021, the Court granted the IFP Motion; assessed an initial partial payment of $14.50; and dismissed the Civil Complaint with prejudice.   (Doc. 4) (Dismissal Ruling).   On September 27, 2021 – the same day the Dismissal Ruling was entered – Plaintiff filed a Motion to Discharge Fees and Costs.   (Doc. 3).   Between October 1 and October 8, 2021, he also filed various motions and objections to the Dismissal Ruling.   (Docs. 6-9). Plaintiff then appealed the Dismissal Ruling on October 8, 2021.   The Tenth Circuit abated

---

[1] The Complaint also names "All Federal Judges of the United States." *Id.*   However, such reference is insufficient to bring any individual into this action.

Plaintiff's appeal while this Court resolves Plaintiff's post-judgment motions.   (Doc. 18).

II.   *Discussion*

The Court construes Plaintiff's post-judgment motions as requests for reconsideration. A motion to reconsider filed within twenty-eight days after entry of the final judgment is generally analyzed under Fed. R. Civ. P. 59(e).   *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Manco v. Werholtz,* 528 F.3d 760, 761 (10th Cir. 2008).   Grounds for reconsideration include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).   A district court has considerable discretion in deciding whether to reconsider a judgment under Rule 59(e).   *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Plaintiff does not point to new law or evidence, nor has he demonstrated injustice.   Most pending motions feature various captions and were not specifically drafted for this case.   They rely on the mistaken premise that this case was dismissed for failure to pay the filing fee. Plaintiff argues:

1.   All of the money in his account was a birthday gift.   It will soon be exhausted. (Doc. 3) at 1.

2.   "People are the creditors for the dollar," and "paying debts is against public policy." (Doc. 3) at 2.

3.   The *in forma pauperis* statute does not apply because Plaintiff is asserting "civil lawsuit cases" under the racketeering statute, 18 U.S.C. § 1962, rather than 42 U.S.C. § 1983. (Doc. 8) at 1.

3

4.   An initial payment is due in at least seven cases filed by Plaintiff.   He believes satisfying such obligation is "impossible."   (Doc. 9) at 1.

These arguments are misdirected.   To date, Plaintiff has not paid any portion of the civil filing fee, and he suffered no adverse consequence for this refusal.   The case was dismissed on the merits under 28 U.S.C. § 1915(e) and Fed. R. Civ. P. 12(b)(6).   The Complaint asserts claims against federal judges based on alleged rulings in Plaintiff's other cases.   Such claims are barred by judicial immunity.   *See Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002).   The Dismissal Ruling also points out that Plaintiff cannot prosecute a claim under the criminal racketeering statute.   *See Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").   Finally, the Court found mandamus relief is not warranted by 28 U.S.C. § 1361.   Plaintiff requested an order directing other judges to transfer the Federal Cases to the Pentagon and/or apply admiralty law. Such request is frivolous on its face.   The post-judgment motions do not address the grounds for dismissal or make any argument as to why the Court should set aside the Dismissal Order.

To the extent Plaintiff's post-judgment motions request a complete waiver of the filing fee obligation, such request is denied.   Section 1915 "excuses 'only prepayment of fees.'" *United States v. Carter*, 837 Fed. App'x 614, 617 (10th Cir. 2020) (quoting 28 U.S.C. § 1915(a)(1)).   Plaintiff remains obligated to pay the $350 filing fee at a later time.

Plaintiff also filed post-judgment motions to proceed *pro se* and serve subpoenas and complaints.   (Docs. 6, 7).   The Court will grant his Motion to Proceed *Pro Se*.   (Doc. 6). Plaintiff has never had counsel.   The motion has no impact on this proceeding.   As to the Motion to Serve Subpoenas and Complaint, this case is closed, and there are no grounds to

reopen.   Hence, service of the Complaint is not warranted.    Plaintiff's Motion to Serve

Subpoenas and Complaint will be denied.

IT IS ORDERED:

1.   Plaintiff's Motion to Proceed *Pro Se* (Doc. 6) is granted.

2.   Plaintiff's Motions to Discharge Fees and Costs (Docs. 3, 8, 9) are denied.

3.   Plaintiff's Motion to Serve Subpoenas and Complaint (Doc. 7) is denied.

4.   The Clerk's Office shall transmit a copy of this Order along with the Order abating

Plaintiff's appeal (Doc. 18) to the Tenth Circuit Court of Appeals.


UNITED STATES DISTRICT JUDGE